IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMA M. SEATS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KASKASKIA COLLEGE COMMUNITY ) <br> COLLEGE DISTRICT #501 AND THOMAS ) <br> L. ATCHISON, ) <br> ) <br> Defendants. ) | Case No. 3:07-cv-843 JPG |

**ORDER**

Currently pending before the Court are the parties' Agreed Motion for Protective Order (Doc. 53) and Agreed Motion to Include Employee and Student Records from Regency Beauty Institute in Existing Agreed Protective Order (Doc. 60).

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect discoverable, yet confidential, material from public disclosure. The parties stipulate that confidential information in this case will be used only for the purposes of this litigation, and that a protective order will secure protected information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of the proposed protective order is appropriate pursuant to Federal Rules of Civil Procedure 26(c). The Court, being fully advised and having determined that good cause exists for entry of a protective order, **GRANTS** the motions.

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

A. The following words and terms are defined as follows for purposes of this Agreed Protective Order:

    1. "Parties" shall mean Rama Seats, Defendants Kaskaskia Community College and Thomas Atchison, and any additional party that this Court may subsequently recognize as subject to this protective order, and their attorneys.

2. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2002).

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

4. "PHI" shall mean Protected Health Information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; and/or c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, produced by any party or non-party pursuant to discovery, Federal Rules of Civil Procedure 33 and 34, subpoena, or by agreement, and deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" shall mean employment, disciplinary, financial, medical, or other information that is of a sensitive or non-public nature regarding plaintiff, defendants, non-party witnesses and non-party employees or students of Kaskaskia Community College that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personnel files, disciplinary actions, histories, files generated by the investigation of complaints of misconduct by College employees, student records, and related information such as residential information and social security numbers, that is protected by the *Illinois Personnel Records Review Act* (West 2004), Section 7 of the *Illinois Freedom of Information Act*, 5 ILCS 140/1, *et seq.* (West 2004), and/or the *Family Education Rights and Privacy Act*, 20 U.S.C. § 1232 (g). As stipulated by the parties (Doc. 60), "confidential matter" shall also include employee and student records from Regency Beauty Institute, including, but not limited to, names, addresses, telephone numbers, social security numbers, grade reports, class rankings, honors, awards, attendance records, disciplinary reports, student complaints, and completed work and/or student assignments on projects.

7. Further, this Order is intended by the parties to be applicable to, and to protect, any document or information already disclosed by any party which falls within the above definition of Confidential Matter and PHI.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The signatories shall be familiar with HIPAA and the Privacy Standards.

2. The signatories recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI

and/or Confidential Matter of parties and non-parties to or from other parties and non-parties.

C. The signatories will abide by the following terms and conditions:

1. The signatories will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. The signatories will store all PHI while it is in their possession according to the Privacy Standards.

3. The signatories shall, at the termination of this proceeding and upon written request, return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or dispose of any PHI retained thereafter pursuant to the Privacy Standards. All Confidential Matter produced during the course of this proceeding shall be returned to the producing party upon written request, to be made within sixty (60) days of the final termination of this action.

4. The signatories shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards.

5. The individual pages of each document designated as Confidential Matter or PHI shall bear the following designation, or its equivalent:
   **CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN 07-843-JPG**
   No document containing this "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

6. Before disclosing PHI documents and/or Confidential Matter, to any persons involved in the litigation, including but not limited to: counsel, co-counsel, counsel's staff, expert, or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

7. By this Protective Order, the discovering party does not waive its right to make application to the Court, with proper notice, under the procedures set out by the Court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and non-public information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application

of this Order, counsel shall attempt to resolve the dispute by agreement before asking the Court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed.R.Civ.P. 26(c), with the burden on the party attempting to designate the material as confidential.

8. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

9. This Protective Order may be modified by further written stipulation signed by the signatories and/or by further order of this Court upon application to the Court with notice.

10. No restricted sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court.

**IT IS SO ORDERED.**

**DATED: November 6, 2008**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**