UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAMA M. SEATS,

    Plaintiff,

v.

KASKASKIA COLLEGE COMMUNITY
COLLEGE DISTRICT #501 and THOMAS
L. ATCHISON,

    Defendants.

Case No. 07-cv-843-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Bill of Costs filed by Defendant Kaskaskia College Community College District #501 (Doc. 100) and the Motion for Award of Costs filed by Defendant Thomas L. Atchison (Doc. 101). Plaintiff Rama M. Seats has Responded to both motions (Doc. 102).

Judgment was entered in this case in favor of Defendant Kaskaskia College on the sole claim against it on December 15, 2008. Defendant Kaskaskia College is therefore a prevailing party in this action, and as such, is presumptively entitled to costs under Federal Rule of Civil Procedure 54. Judgment was entered in favor of Defendant Thomas L Atchison on the federal claim against him on December 15, 2008. The remaining state claims against Atchison were dismissed without prejudice for lack of jurisdiction. As to the federal claim against him, Atchison is a prevailing party. As such, he is presumptively entitled to costs under Federal Rule of Civil Procedure 54.

However, the district court has the discretion to deny costs to a prevailing party in two situations. *Riveria v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006); *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "[T]he first involves misconduct of the party

seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce costs if the losing party is indigent." *Mother & Father*, 338 F.3d at 708. The second situation applies here.

Plaintiff has submitted an affidavit to the Court, along with her Response to the motion and bill for costs, showing that she is not employed and has no assets. The Court is satisfied that Seats is without the funds to pay the costs sought by Defendants. Having considered all the facts, the Court finds that Plaintiff Rama M. Seats is indigent, and hereby exercises its discretion to reduce the costs she must pay to Defendants.

Once the Court has made the threshold determination that a plaintiff is indigent, "[it] should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Rivera*, 469 F.3d at 635.

Here, the amount of costs claimed by Defendants, $6,155.91 by Kaskaskia College and $10,363.45 by Atchison, are clearly beyond Plaintiff's ability to pay. Additionally, Seats brought her claims in good faith. She presented evidence that Atchison subjected her to severe and pervasive sexual harassment. She did not prevail in her Title IX claim against Kaskaskia College because she could not meet the extraordinarily high hurdle of presenting evidence to prove that the college had actual knowledge of Atchison's behavior. She did not prevail on her § 1983 claim against Atchison because she presented no evidence that he acted under color of state law. But, there is no indication in the record that Seats brought her claims for an improper purpose. Additionally, as Seats points out, her state law claims against Atchison were not adjudicated on the merits, but dismissed for lack of jurisdiction. Seats may yet successfully

2

prosecute those claims in state court.

In sum, the Court finds that Seats is indigent, that she brought her claims in good faith, and that she presented close issues for adjudication. Accordingly, the Court will reduce the amount of costs Seats must pay. Therefore the Court **GRANTS** the Bill of Costs filed by Defendant Kaskaskia College Community College District #501 (Doc. 100) in the amount of **$500.00 (five hundred dollars)**. Additionally, the Court **GRANTS** the Motion for Award of Costs filed by Defendant Thomas L. Atchison (Doc. 101) in the amount of **$500 (five hundred dollars)**.

**IT IS SO ORDERED.**
**DATED: February 6, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**